JONES, & GUERRERO COMPANY, INC.
dba Datsun Motors, Plaintiff

v.

FRANK M. FULGAR, Defendant

Civil No. 834-79
Superior Court of Guam
May 7, 1980

- - - - -

ABBATE, Judge

### DECISION AND ORDER

This matter came on for hearing on April 23, 1980, to consider Plaintiff's motion for summary judgment. Plaintiff appeared through counsel, Tom Perham. Defendant was represented by counsel, F. Randall Cunliffe. The Court, upon hearing the merits of both sides, reserved decision in this matter.

Plaintiff contends that the repossession letter written by Bank of Hawaii to defendant, dated January 5, 1979, represented reasonable notice of the intended sale by Datsun Motors of the repossessed vehicle as required by UCC §9-504(3). The letter states in pertinent part, ". . . and after ten (10) days from the date of this letter, your contract will be reassigned back to the seller, who will handle the sale or disposition of the vehicle. . . ." (Exhibit "A"). Plaintiff concludes that on the basis of the above notice from Bank of Hawaii no genuine issue on the question of reasonable notice exists. This court does not agree.

The affidavits submitted by the plaintiff are conclusive showing that the above referred to letter was in fact duly mailed and received by the defendant. The issue presented by the letter, however, is not the reasonableness of the delivery and receipt, but the adequacy of content of the notice. UCC §9-504(3) requires, ". . . notification of the time after which any private sale or other disposition is to be made . . . ." Does the letter inform defendant of the time after which Datsun intended to sell the vehicle? Even more important, is the letter a notice of intended sale at all? UCC §9-504(3) further requires that such notice ". . . shall be sent by the secured party of the debtor. . . ." Is Bank of Hawaii, an original assignee of the plaintiff, the proper party to send such notice? Or is this the responsibility of plaintiff, who took back the assignment of the security interest from Bank of Hawaii prior to the sale of the vehicle?

These issues represent genuine questions of material fact that would make it premature for this court to grant plaintiff his motion for summary judgment.

IT IS HEREBY ORDERED that plaintiff's motion be DENIED.

SO ORDERED.